JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Jayant W. Tambe
Benjamin Rosenblum

*Attorneys for the Plaintiffs and Counterclaim
Defendants Lehman Brothers Holdings Inc.
and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :  Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :  Case No. 08-13555 (JMP)
                                                               :
        Debtors.                                               :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x
                                                               :
LEHMAN BROTHERS HOLDINGS INC. and                              :
LEHMAN BROTHERS SPECIAL                                        :  Adv. Proc. No. 12-01979
FINANCING INC.                                                 :
                                                               :
        Plaintiffs,                                            :
                                                               :
    -against-                                                  :
                                                               :
CREDIT PROTECTION TRUST 283, FSA                               :
ADMINISTRATIVE SERVICES, LLC, as                               :
Trustee for the CREDIT PROTECTION                              :
TRUST 283 and FINANCIAL SECURITY                               :
ASSURANCE INC. n/k/a ASSURED                                   :
GUARANTY MUNICIPAL CORPORATION                                 :
        Defendants.                                            :
---------------------------------------------------------------x

**ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Lehman Brothers Special Financing Inc. ("LBSF") (together, the "Counterclaim Defendants") as and for their Answer to the counterclaims contained in the Answer To Debtors' Amended Adversary Complaint And Claim Objection And Defendants' Counterclaims (the "Counterclaims") filed by Credit Protection Trust 283 ("CPT 283"), FSA Administrative Services, LLC, as Trustee for the Credit Protection Trust 283 and Financial Security Assurance Inc. ("Assured," and together with CPT 283 and FSA Administrative Services LLC, the "Counterclaim Plaintiffs"), now known as Assured Guaranty Municipal Corporation, hereby state as follows:

## NATURE OF COUNTERCLAIMS

1. Deny the allegations in Paragraph 93 of the Counterclaims, except admit upon information and belief that the Counterclaims purport to be for declaratory judgment, breach of contract, and attorneys' fees.

2. Deny the allegations in Paragraph 94 of the Counterclaims, except admit upon information and belief that Counterclaim Plaintiffs seek damages from LBSF in an amount of no less than $43,830,089.42 and that Counterclaim Plaintiffs further seek damages from LBHI.

## JURISDICTION AND VENUE

3. Paragraph 95 of the Counterclaims states a legal conclusion for which no response is required.

4. Paragraph 96 of the Counterclaims states a legal conclusion for which no response is required.

## PARTIES

5. Upon information and belief, admit the allegations in Paragraph 97 of the Counterclaims.

      6.      Upon information and belief, admit the allegations in Paragraph 98 of the Counterclaims.

      7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Counterclaims, except admit upon information and belief that Assured's principal place of business is located at 31 West 52 Street, New York, NY 10019.

      8.      Admit the allegations in Paragraph 100 of the Counterclaims.

      9.      Admit the allegations in Paragraph 101 of the Counterclaims.

## BACKGROUND

      10.      In response to Paragraph 102 of the Counterclaims, Counterclaim Defendants repeat and reassert the contents of the Amended Adversary Complaint and Claim Objection (the "Complaint") as if set forth fully herein.

      11.      Admit the allegations in Paragraph 103 that CPT 283 and LBSF entered into a credit default swap transaction on February 8, 2008, that LBSF was a highly sophisticated market participant with experience in negotiating credit derivative transactions, that the Swap Agreement was the subject of negotiation and that both CPT 283 and LBSF were represented by counsel during such negotiations. Except as admitted, denied.

      12.      Paragraph 104 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement (as defined in the Complaint) for the full contents thereof.

      13.      Paragraph 105 of the Counterclaims purports to state a legal conclusion for which no response is required, except admit the existence of the February 8, 2008 guarantee. To the

extent a further response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

14. Paragraph 106 of the Counterclaims purports to state a legal conclusion for which no response is required, except admit that LBSF did not make payment to CPT 283 on September 22, 2008.

15. Paragraph 107 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

16. Admit the allegations in Paragraph 108 of the Counterclaims with respect to the contents of the notice and respectfully refer the Court to the notice for the full contents thereof.

17. The first sentence of Paragraph 109 of the Counterclaims purports to state a legal conclusion for which no response is required. Admit the allegations in the second sentence of Paragraph 109 of the Counterclaims and respectfully refer the Court to the notice for the full contents thereof.

18. Paragraph 110 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

19. Deny that Counterclaim Plaintiffs are entitled to the relief sought in Paragraph 111 of the Counterclaims.

20. Paragraph 112 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

21. Paragraph 113 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

22. Paragraph 114 of the Counterclaims purports to state a legal conclusion for which no response is required.

23. Paragraph 115 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

24. Paragraph 116 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, Counterclaim Defendants respectfully refer the Court to the Swap Agreement for the full contents thereof.

25. Deny the allegations in Paragraph 117 of the Counterclaims, except admit and aver that no judgment has been rendered and that neither party has made any termination payments.

26. Deny the allegations in Paragraph 118 of the Counterclaims, except admit the existence of the February 8, 2008 guarantee.

27. Admit the allegations in Paragraph 119 of the Counterclaims.

28. Admit the allegations in Paragraph 120 of the Counterclaims.

## FIRST COUNTERCLAIM

29. In response to Paragraph 121 of the Counterclaims, Counterclaim Defendants repeat and reassert each of the foregoing responses as if set forth fully herein.

30. Paragraph 122 of the Counterclaims purports to state a legal conclusion for which no response is required.

31. Paragraph 123 of the Counterclaims purports to state a legal conclusion for which no response is required.

32. Deny that Counterclaim Plaintiffs are entitled to the relief sought in Paragraph 124 of the Counterclaims.

## SECOND COUNTERCLAIM

33. In response to Paragraph 125 of the Counterclaims, Counterclaim Defendants repeat and reassert each of the foregoing responses as if set forth fully herein.

34. Paragraph 126 of the Counterclaims purports to state a legal conclusion for which no response is required.

35. Paragraph 127 of the Counterclaims purports to state a legal conclusion for which no response is required.

36. Paragraph 128 of the Counterclaims purports to state a legal conclusion for which no response is required.

37. Deny that Counterclaim Plaintiffs are entitled to the relief sought in Paragraph 129 of the Counterclaims.

## THIRD COUNTERCLAIM

38. In response to Paragraph 130 of the Counterclaims, Counterclaim Defendants repeat and reassert each of the foregoing responses as if set forth fully herein.

39. Paragraph 131 of the Counterclaims purports to state a legal conclusion for which no response is required.

40. Paragraph 132 of the Counterclaims purports to state a legal conclusion for which no response is required.

41. Paragraph 133 of the Counterclaims purports to state a legal conclusion for which no response is required.

42. Paragraph 134 of the Counterclaims purports to state a legal conclusion for which no response is required.

43. Deny that Counterclaim Plaintiffs are entitled to the relief sought in Paragraph 135 of the Counterclaims.

## FOURTH COUNTERCLAIM

44. In response to Paragraph 136 of the Counterclaims, Counterclaim Defendants repeat and reassert each of the foregoing responses as if set forth fully herein.

45. Paragraph 137 of the Counterclaims purports to state a legal conclusion for which no response is required.

46. Paragraph 138 of the Counterclaims purports to state a legal conclusion for which no response is required.

47. Paragraph 139 of the Counterclaims purports to state a legal conclusion for which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Counterclaims.

48. Deny that Counterclaim Plaintiffs are entitled to the relief sought in Paragraph 140 of the Counterclaims.

## GENERAL DENIAL

49. Counterclaim Defendants deny each and every allegation, statement, matter and thing in the Counterclaims not expressly admitted or qualified herein.

**AFFIRMATIVE DEFENSES**

50.   Without assuming the burden of proof on any matters where that burden rests on Counterclaim Plaintiffs, the Counterclaim Defendants assert the following affirmative and other defenses with respect to claims Counterclaim Plaintiffs purport to assert in the Counterclaims.

FIRST AFFIRMATIVE DEFENSE

51.   The Counterclaims fail to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

52.   The Counterclaims are barred because the Counterclaim Plaintiffs are not entitled to the relief they seek under the Swap Agreement.

THIRD AFFIRMATIVE DEFENSE

53.   The Counterclaims are barred because the Counterclaim Plaintiffs have not suffered any injury or damages.

FOURTH AFFIRMATIVE DEFENSE

54.   The Counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

**RESERVATION OF RIGHTS**

55.   Counterclaim Defendants intend to rely upon any other claim or defense that may become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and reserve the right to amend this Answer to assert any such claims or defenses.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendants pray for judgment against CPT 283 and Assured as follows:

    A.    Denying in its entirety the relief sought in the Counterclaims against Counterclaim Defendants; and

    B.    Granting Counterclaim Defendants such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        March 8, 2013

Respectfully submitted,

/s/ Jayant W. Tambe
Jayant W. Tambe
Benjamin Rosenblum
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for the Plaintiffs and Counterclaim Defendants LBHI and LBSF*